# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

ROMAN NOEL, :
:
   Plaintiff, :
:
v. : Civil Action No. 7:03-cv-70 (HL)
:
DWIGHT PEETE, et al., :
:
   Defendants. :
_____

## **ORDER**

Before the Court is a Motion to Dismiss (Doc. # 26) filed by Defendants Lt. Dwight Peete, Staff Sgt. Richard Swain and Staff Sgt. Jody McWaters. On April 11, 2006, the United States Magistrate Judge filed a Recommendation (Doc. # 29) that Defendants' Motion to Dismiss be granted, inasmuch as Plaintiff Roman Noel ("Noel") had failed to respond to the Court's directives[1] and otherwise failed to respond to the merits of Defendants' Motion to Dismiss. However, after examining the timely Objections (Doc. # 30) filed by Noel, as well as the procedural history of the case to date, the Court entered an Order rejecting the Recommendation and allowing Noel twenty (20) additional days to file a response to Defendants' Motion. (Doc. # 31.) In doing so, the Court cautioned that "[i]n light of Noel's

---

[1] In particular, the United States Magistrate Judge, in his February 3, 2006 notice of the Defendants' Motion to Dismiss, noted that "if plaintiff fails to oppose said motion, his complaint may be dismissed as to those defendants . . . . FAILURE OF THE PLAINTIFF HEREIN TO RESPOND TO THE MOTION TO DISMISS MAY RESULT IN THE GRANTING OF THE MOTION." (Doc. # 23.)

past failure to respond to Defendants' motion and court directives that he do so, the Court does not expect to grant any further extensions should Noel fail to file a response to Defendants' motion within twenty (20) days after he is served with a copy of this Order."  (Id.)

As of June 13, 2006, more than twenty (20) days after Noel was served with the Court's directive that he respond to Defendants' Motion to Dismiss, Noel has still not filed any such response.  Therefore, Defendants' Motion to Dismiss (Doc. # 26) is granted.  Noel shall have no further time to file a response to Defendants' Motion to Dismiss.  His time has run out.  As a result of this ruling, all of Noel's claims against all Defendants are dismissed.[2]

---

[2] Finally, the Court notes that there were potentially eight total Defendants in this case: Sheriff Ashley Paulk ("Paulk"), Lt. Dwight Peete ("Peete"), Staff Sgt. Richard Swain ("Swain"), Staff Sgt. Jody McWaters ("McWaters"), Nurse Shirley Lewis ("Lewis"), Lt. Calvin Troy ("Troy"), Sgt. Folsom ("Folsom") and Sgt. Bunte ("Bunte").  In the heading of his Complaint (Doc. # 2), Noel listed five individuals: Paulk, Peete, Swain, McWaters, and Lewis.  While not listed in the heading of his Complaint, Troy was mentioned in the body of the Complaint itself.  (Id. at 3-4.)  Noel later attempted to amend his Complaint to add Folsom and Bunte.  (Doc. # 6.)

On February 25, 2004, the United States Magistrate Judge ordered Noel to submit a supplement to his Complaint and provide specific information about his claims, and in particular, to explain the actions taken by each Defendant that Noel felt violated his constitutional rights.  (Doc. # 9 at 2.)  In response, Noel filed a Supplemental Complaint (Doc. # 10) which listed seven individuals: Paulk, Peete, Swain, McWaters, Lewis, Folsom and Bunte, and detailed his allegations against them.  Noel's Supplemental Complaint did not mention Troy at all.  Subsequently, the United States Magistrate Judge entered a Report and Recommendation dismissing Paulk, Folsom, Bunte and Lewis and allowing certain claims to proceed against Peete, Swain and McWaters.  (Doc. # 12.)  The present Order addresses those three Defendants' Motion to Dismiss.

While the United States Magistrate Judge's March 8, 2006 Report and Recommendation failed to mention Troy by name, the previous Order to Supplement Complaint was explicit that Noel needed to include all potential claims and Defendants, and warned Noel that any unmentioned claims and Defendants would be considered abandoned.  (Doc. # 9 at 2.)  As mentioned, Noel failed to include Troy, or any claim Noel might have against Troy, in his Supplemental Complaint.  In fact, except for the brief mention of Troy on the one occasion in the body of Noel's July 13, 2003 Complaint, Noel failed to mention Troy or a claim against him ever again in any filing.  Accordingly, the Court dismisses Troy from the case.  While other potential grounds to dismiss Troy may exist, the Court declines to examine them, given its position that Noel's failure to name him in his Supplemental Complaint effectively worked as a dismissal as to him.

**SO ORDERED**, this the 13th day of June, 2006.

s/   Hugh Lawson
**HUGH LAWSON, JUDGE**

pdl